IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FROM THE FOREST, LLC,**<br><br>    Plaintiff,<br><br>v.<br><br>**A BROS FREIGHT INC., and**<br>**JSD TRANS INCORPORATED**<br><br>    Defendants. | Case No. |

COMPLAINT FOR RECOVERY OF CARGO LOSS UNDER 49 U.S.C. § 14706

(CARMACK AMENDMENT)

Plaintiff From the Forest, LLC ("Plaintiff"), by and through undersigned counsel, alleges as follows against defendants A Bros Freight Inc. and JSD Trans Incorporated (collectively, "Defendants"):

**PARTIES**

1. Plaintiff From the Forest, LLC ("From the Forest") is, limited liability company with its principal place of business in Weston, Wisconsin.   From the Forest is a private, American manufacturer specialized in sustainable engineered hardwood flooring and wood wall paneling.  From the Forest manufactures and sells flooring products, including its Vineyard Collection Pinot Hickory line.

2. Defendant A Bros Freight Inc. ("A Bros") is, upon information and belief, a corporation organized under the laws of [State] with its principal place of business at 481 Prince William Court, Yardley, Pennsylvania 19067. At all relevant times, A Bros was engaged in the business of a motor carrier providing transportation of property for hire in interstate commerce within the United States, subject to the jurisdiction of the Surface Transportation Board under 49 U.S.C. § 13501 et seq.

3. Defendant JSD Trans Incorporated ("JSD Trans") is, upon information and belief, a corporation organized under the laws of [State] with its principal place of business at 545 Cassingham Road, Fairless Hills, Pennsylvania 19030. At all relevant times, JSD Trans was engaged in the business of a motor carrier providing transportation of property for hire in interstate commerce within the United States, subject to the jurisdiction of the Surface Transportation Board under 49 U.S.C. § 13501 et seq.

4. At all relevant times, each Defendant held itself out to the public as a motor carrier of property and transported goods for compensation in interstate commerce, including the shipments at issue in this action.

## JURISDICTION AND VENUE

5. This action arises under federal law, specifically the Carmack Amendment, 49 U.S.C. § 14706. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and specific jurisdiction under 49 U.S.C. § 14706(d).

6. Under 49 U.S.C. § 14706(d)(1), a civil action may be brought against a delivering carrier in a United States district court. The amount in controversy exceeds $10,000, exclusive of interest and costs.

7. Upon information and belief, Defendants regularly conduct business and provide transportation services in interstate commerce into and out of this District. Further, Defendants' principal place of business are located within this District, such that Defendants are subject to personal jurisdiction here.

8. Venue is proper in this Court under 49 U.S.C. § 14706(d) and 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and/or Defendants are subject to the Court's personal jurisdiction with respect to this action.

## FACTUAL ALLEGATIONS

9. In or about April 2025, Plaintiff was contacted for the purchase of flooring products by an entity identifying itself as "DPR Construction " for approximately 40,000 square feet of Plaintiff's Vineyard Collection Pinot Hickory product (the "Merchandise").

10. An individual identifying himself as Cameron McConnachie of DPR Construction completed credit applications to Plaintiff dated on or about July 2, 2025 and July 14, 2025.

11. Plaintiff thereafter agreed to sell the Merchandise to DPR Construction on credit terms based on those applications.

12. The total value of the Merchandise shipped in connection with this transaction was approximately $163,246.00.

13. The Merchandise was to be shipped in two separate interstate shipments for delivery to: 528 Dupont Street, Bronx, New York 10474. (the "Delivery Address").

14. The first shipment was scheduled for pickup on or about August 29, 2025 for delivery on or about September 2, 2025 (the "First Shipment").

15. The second shipment was scheduled for pickup on or about September 2, 2025 for delivery on or about September 3, 2025 (the "Second Shipment").

16. For the First Shipment, the applicable bill of lading identified A Bros Freight Inc. as the carrier. The bill of lading was signed by an individual identified as "Eric" and, upon information and belief, possibly another individual, on or about September 1, 2025.

17. For the Second Shipment, the applicable bill of lading identified JSD Trans Incorporated as the carrier. That bill of lading was signed by "Eric" and, upon information and belief, possibly another individual, on or about September 3, 2025.

18. Each bill of lading was issued or accepted by the respective Defendant as the motor carrier for the shipment, thereby evidencing the carrier's receipt of the Merchandise for transportation in interstate commerce and the terms of carriage.

19. Plaintiff tendered the Merchandise in good order and condition to Defendants as the receiving carriers, free from damage and in the quantities reflected in the respective bills of lading.

20. Defendants accepted the Merchandise for transportation and were obligated, as motor carriers and under 49 U.S.C. § 14706, to transport and deliver the Merchandise to the Delivery Address in the same good order and condition as when received and to deliver to persons lawfully entitled to receive it.

21. Upon information and belief, Defendants transported and physically delivered the Merchandise to or near the Delivery Address at 528 Dupont Street, Bronx, New York, in accordance with instructions received in connection with the DPR Construction order.

22. After such purported delivery, Plaintiff did not receive payment for the Merchandise and subsequently learned that "DPR Construction " was not a legitimate customer but instead part of a sophisticated criminal or fraudulent scheme, and that the Merchandise never reached a bona fide and paying customer.

23. Plaintiff further discovered that the party purporting to be DPR Construction and/or those accepting the Merchandise at or in connection with the Delivery Address were not authorized recipients, and that the Merchandise was misdelivered, converted, diverted, or otherwise failed to reach any lawful consignee entitled to receive it.

24. As a result of this misdelivery or failure to deliver to a person entitled to receive the Merchandise, Plaintiff lost the entire value of the Merchandise and has been unable to recover it.

25. Plaintiff has suffered a loss of at least $163,246.00, representing the invoice value of the Merchandise, plus incidental and consequential damages such as costs of investigation and collection.

26. On or about December 17, 2025, Plaintiff served written demands for payment upon both Defendants, asserting its cargo loss and demanding reimbursement.

27. On or about January 26, 2026, Plaintiff again served written demands for payment upon both Defendants regarding the same loss.

28. Despite these written demands, Defendants have failed and refused to pay Plaintiff for its loss.

29. To the extent required by 49 U.S.C. § 14706(e) and any applicable tariff or contract provisions, Plaintiff's written demands of December 17, 2025 and January 26, 2026 constitute timely written claims presented to Defendants within nine (9) months of the shipments and loss, and this action is brought within two (2) years of Defendants' effective disallowance of those claims, or, alternatively, within any longer limitations period permitted by law.

## COUNT I

## CARGO LOSS UNDER THE CARMACK AMENDMENT

## (49 U.S.C. § 14706) – AGAINST ALL DEFENDANTS

30. Plaintiff repeats and realleges Paragraphs 1–29 as if fully set forth herein.

31. Defendants, as motor carriers providing transportation subject to the jurisdiction of the Surface Transportation Board under 49 U.S.C. chapter 135, were required by 49 U.S.C. § 14706(a) to issue a receipt or bill of lading for the Merchandise and are liable to the person entitled to recover under the receipt or bill of lading for the actual loss or injury to the property.

32. Plaintiff is the party entitled to recover for the loss of the Merchandise under the applicable bills of lading.

33. Plaintiff tendered the Merchandise to Defendants in good order and condition, as reflected in the bills of lading and shipping documents, and in the quantity and value of approximately $163,246.00.

34. Defendants accepted the Merchandise for transportation and were obligated to deliver it in good order and condition to the person(s) lawfully entitled to receive it pursuant to the bills of lading and Plaintiff's shipping instructions.

35. Defendants failed to deliver the Merchandise to any party lawfully entitled to receive it, and/or misdelivered, converted, or allowed the diversion or disappearance of the Merchandise such that Plaintiff has been deprived of its property and its value.

36. The Merchandise was lost, misdelivered, and/or never delivered to a bona fide and authorized consignee, and Plaintiff has received no payment for it.

37. Under 49 U.S.C. § 14706(a)(1), Defendants are liable to Plaintiff for the actual loss or injury to the Merchandise, regardless of fault, negligence, or the conduct of third parties, subject only to such defenses as are recognized under the Carmack Amendment.

38. None of the recognized exceptions to carrier liability under the Carmack Amendment (including act of God, act of the public enemy, act of the shipper, act of public

authority, or inherent vice of the goods) apply here, and Defendants have no valid contractual or statutory defense to Plaintiff's claim.

39. As a direct and proximate result of Defendants' failure to deliver the Merchandise to a lawful consignee and the resulting loss of the Merchandise, Plaintiff has suffered damages in the amount of at least $163,246.00, plus interest and incidental damages.

40. Plaintiff is entitled to recover from Defendants, jointly and severally, its actual loss in the amount of at least $163,246.00, together with pre-judgment and post-judgment interest and costs as allowed by law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff From the Forest, LLC respectfully requests that this Court enter judgment in its favor and against Defendants A Bros Freight Inc. and JSD Trans Incorporated, jointly and severally, and award:

A. Damages in the amount of at least $163,246.00, representing Plaintiff's actual loss for the Merchandise, or such other amount as is proved at trial;

B. Pre-judgment and post-judgment interest as allowed by law;

C. Costs of suit, including reasonable attorney's fees to the extent permitted by law or contract; and

D. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: February 13, 2026        Respectfully submitted,

*s/BRIAN J. McNULTY,*
BRIAN J. MCNULTY, Esquire
DUGAN, BRINKMANN, MAGINNIS AND PACE
9 Presidential Blvd., Ste. 100
Bala Cynwyd, PA  19004
Phone No 215-563-3500; Fax No 215-563-5610
E-Mail : bmcnulty@dbmplaw.com
ID: 201275